IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>HOBERT RUPE,<br><br>          Defendant. | 4:25CR3083<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVER |

COMES NOW the United States of America, by and through the United States Attorney and the undersigned Assistant United States Attorney, and files this response to the Defendant's Motion to Sever, filed at Doc. No. 106. Defendant is properly joined in accordance with the federal rules, and the Superseding Indictment lays out the common activity allowing joinder. The government respectfully submits that severance is not appropriate in this case, and that Defendant's motion should be denied without a hearing.

**Procedural Background**

On November 16, 2025, a Grand Jury returned a nine-count superseding indictment against Hobert Rupe (hereinafter Rupe), Brent Zywiec, Dan Thomas, and Shane Zyweic. Count I charges Rupe, Brent Zywiec, and Dan Thomas with being members of a conspiracy and scheme to commit honest services fraud in violation of 18 U.S.C. §1349 and § 1346. Count I alleges Rupe used his influence as Executive Director of the Nebraska Liquor Control Commission to receive personal and financial benefits from Brent Zywiec and Dan Thomas in exchange for official actions and inactions taken by Rupe for the benefit of businesses owned by Brent Zywiec and Dan Thomas. (Doc. No. 49).

Counts II through V charge Rupe, Brent Zywiec, and Dan Thomas with committing honest services fraud in violation of 18 U.S.C. §1346 and §1343. Counts VI and VII charge Rupe with wire fraud in violation of 18 U.S.C. § 1343. Count VIII charges Rupe with Hobbs Act Extortion Under Color of Official Right, in violation of 18 U.S.C. §1951. Count IX charged Shane Zywiec of Aiding and Abetting Hobbs Act Extortion Under Color of Official Right in violation of 18 U.S.C. §1951 and §2. (Doc. No. 49).

Rupe requests that he be severed from all other defendants named in Counts I through IX. He alleges the superseding indictment fails to show an allegation of joint activity with the co-defendants and that they are improperly joined.

## Argument

Rupe is properly joined in accordance with the federal rules because the superseding indictment lays out the common activity allowing joinder. His argument that the "indictment does not allege any fact to support joinder," Doc. No. 107, pg. 2, is without merit.

**I.    The Government Properly Joined Defendant with the Co-Defendants.**

Rupe asserts joinder is improper because the indictment does not allege any kind of common activity involving all the defendants.  (Doc. No. 107.)

The analysis of whether severance should be granted begins with considering whether the defendants and offenses were properly joined. Fed. R. Crim. P. 8 governs joinder. Rule 8(a) is "broadly construed in favor of joinder to promote judicial efficiency." *United States v. Colhoff*, 833 F.3d 980, 983 (8th Cir. 2016). Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009); *United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003). There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*,

506 U.S. 534, 537 (1993). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id*. Whether the offenses and defendants were properly joined is determined based on the face of the indictment. *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021); *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018).

Rule 8(b) of the Federal Rules of Criminal Procedure permits defendants to be joined in the same action if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constitution an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). Generally, the "same series of acts or transactions" means acts or transactions that are pursuant to a common scheme or plan. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998).

"When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F..3d 871, 886 (8th Cir. 2005). "Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial." *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008). Courts look no deeper than the face of the indictment to determine whether joinder is appropriate. *United States v. Reichel,* 911 F.3d 910, (8th Cir. 2018).

The face of the superseding indictment shows Rupe is properly joined with his co-defendants in a single conspiracy, making joinder of all co-defendants proper. Rupe, Brent Zywiec, and Dan Thomas are charged in Count I of the superseding indictment with an honest services fraud conspiracy. Because "persons charged in conspiracy or jointly indicated should be tried together", joinder is proper between the co-defendants.

Further, joinder is proper because the superseding indictment alleged the co-defendants took part in the same series of acts pursuant to a common scheme or plan. The common activity alleged in Count I included Rupe receiving financial benefits from other co-conspirators in exchange for Rupe using his official capacity as Executive Director of the Nebraska Liquor Control Commission to benefit businesses owned by the other co-conspirators. The superseding indictment sets out a "common scheme or plan" entered into by all defendants: the honest services fraud conspiracy alleged in Count I. Therefore, joinder is proper.

The Defendant seeks to rely on *United States v. Bledsoe*, 674 F.2d 647 (8th Cir. 1982) to assert joinder is improper here. However, *Bledsoe* is distinguishable from the present case. In *Bledsoe,* joinder was improper because the indictment did not allege any facts connecting a securities fraud between one defendant and the conduct of three other co-defendants, which did not satisfy Rule 8(b)'s requirement of a common activity involving all the defendants. *Id.* at 655-57. Here, the superseding indictment alleges Rupe, Brent Zywiec, Dan Thomas, and Shane Zywiec were involved and participated in an overall scheme whereby Rupe exploited his official capacity as Executive Director of the Nebraska Liquor Control Commission for the business gain of the other co-defendants in exchange for monetary and personal gain. Therefore, joinder of the co-defendants is proper.

Further, the face of the superseding indictment shows Rupe is properly joined with Shane Zywiec. Count VIII charges co-defendant Hobert Rupe with Hobbs Act Extortion Under Color of Official Right. Shane Zywiec is charged with a single count of Aiding and Abetting Hobbs Act Extortion Under Color of Official Right. Aiding and Abetting a Hobbs Act Extortion is *on its face* connected to Hobbs Act extortion. Counts VIII and IX are alleged to have occurred during the same period and involve the same victim, Business Owner 1. (Doc. No. 49). Rupe and

Shane Zywiec were both charged with activities relating to the same continuing criminal activity. The evidence for Count VIII is the same for Count IX.

For the foregoing reasons, Rupe is properly joined with the other three co-defendants.

## II.    Rupe will not be severely prejudiced by a joint trial.

Rupe does not allege that he would be prejudiced by a joint trial. He does not point to any piece of evidence that he believes will prejudice him. A joint trial would not confuse the jury, nor would it prejudice Rupe.

Once charges are properly joined, Federal Rule of Criminal Procedure 14(a) governs relief from prejudicial joinder and provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "To grant a motion for severance, the necessary prejudice must be severe or compelling." *United States v. Jenkins-Watts*, 574 F.3d 950 (8th Cir. 2009). A defendant seeking severance under Rule 14 bears a "heavy burden." *United States v. Watkins*, 66 F.4th 1179, 1186 (8th Cir. 2023). They must overcome the "strong presumption" for the joint trial of properly joined defendants. *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009). A joint trial is preferred as it "gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *Id*. (internal citations omitted).

"A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, at 539. Severance is only warranted where a defendant shows "real and clear prejudice." *Watkins*, at 1186. It is not enough to show that a defendant may have a better chance of acquittal in separate trials. *Zafiro*, at 540.

The prejudice must be "severe or compelling." *United States v. Mallett*, 751 F.3d 907, 917 (8th Cir. 2014). To show sufficient prejudice, the defendant must show either: "(1) a defendant's defense is irreconcilable with a co-defendant's defense and the jury will infer this conflict demonstrates guilt; or (2) the jury will not be able to compartmentalize evidence about separate defendants." *Id*.

Rupe does not argue that his defense is irreconcilable with a co-defendant's defense. Without such an argument, that issue cannot be addressed. He also fails to allege the jury would not be able to compartmentalize evidence about the separate defendants. Should he attempt such an argument, it would fail.

"Only in an unusual case will any prejudice resulting from the ability of a jury to separate evidence be 'substantial enough to outweigh the general efficiency of joinder.'" *United States v. Geshik-O*, 777 F.3d 984, 994 (8th Cir. 2015) (quoting *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009)). To prevail on such an allegation, a defendant must demonstrate that the evidence was so complicated or so overwhelming as to prevent the jury from separating it and applying it only to those defendants against whom it was offered. *United States v. Pecina*, 956 F. 2d 186, 188 (8th Cir. 1992). This is not an unusual case. The government's evidence on Counts I through IX would generally show a scheme whereby Rupe exploited his official capacity as Executive Director of the Nebraska Liquor Control Commission for the business gain of the other co-defendants, in exchange for monetary and personal gain. There is little risk that the jury would confuse Rupe's actions with the other co-defendants.

## Conclusion

Rupe seeks to sever his trial from his defendants. His argument that he was improperly joined is without merit and he cannot show that this is an unusual case where severance is

6

justified. He does not claim he would be prejudiced, simply that joinder was improper due to a failure to show an allegation of any facts in which the defendants acted in a common activity. He has failed to meet the high standard required for severance. The government respectfully requests that the Court deny Rupe's motion to sever.

Respectfully submitted,

UNITED STATES OF AMERICA, Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:    s/ *Julie Ann M. Mruz*
JULIE ANN M. MRUZ, #25564
Assistant U.S. Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508
Tel: (402) 437-5241
Fax: (402) 437-5390
E-mail: julie.ann.mruz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

s/ *Julie Mruz*
Assistant U.S. Attorney

7