IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBERT RUPE and SHANE ZYWEIC,<br><br>Defendants. | 4:25CR3083<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Hobert Rupe's and Defendant Shane Zyweic's motions to sever. Filing Nos. 100 and 106. For the reasons stated below, the motions to sever are granted in part.

BACKGROUND

On November 16, 2025, a Grand Jury returned a nine-count superseding indictment against Rupe, Brent Zywiec, Dan Thomas, and Shane Zyweic. Count I charges Rupe, Brent Zywiec, and Dan Thomas with being members of a conspiracy and scheme to commit honest services fraud in violation of 18 U.S.C. § 1349 and § 1346. Count I alleges Rupe used his influence as Executive Director of the Nebraska Liquor Control Commission to receive personal and financial benefits from Brent Zywiec and Dan Thomas in exchange for official actions and inactions taken by Rupe for the benefit of businesses owned by Brent Zywiec and Dan Thomas. These events allegedly occurred between January 1, 2022 and May 28, 2025. In relation to the conspiracy alleged in Count I, the Superseding

1

Indictment alleges that, in addition to Rupe using his influence to obtain personal and financial benefits from Brent Zyweic and Dan Thomas: (1) Rupe would ignore law violations at Brent Zyweic and Dan Thomas' businesses (relevant to Counts II through V); (2) Rupe did not report gifts received from Brent Zyweic and Dan Thomas' businesses on his Statements of Financial Interests filed with the Nebraska Accountability and Disclosure Commission (relevant to Counts VI and VII); and (3) Rupe, Brent Zyweic and Dan Thomas would use wire communications as part of the conspiracy and in furtherance of it. The Superseding Indictment includes various communications between Rupe, Brent Zyweic and Dan Thomas for a date range of September 16, 2022 to March 28, 2025.

Counts II through V charge Rupe, Brent Zywiec, and/or Dan Thomas with committing honest services fraud in violation of 18 U.S.C. § 1346 and § 1343. The Superseding Indictment includes various communications, in relation to this count, between Rupe, Brent Zyweic and Dan Thomas from August 12, 2023 to May 14, 2024.Counts VI and VII charge Rupe with wire fraud in violation of 18 U.S.C. § 1343 on March 14, 2023 and March 12, 2024, respectively. This relates to Rupe's alleged failure to include gifts obtained from Brent Zyweic and Dan Thomas in his 2022 and 2023 Statements of Financial Interests.

Count VIII charges Rupe with Hobbs Act Extortion Under Color of Official Right, in violation of 18 U.S.C. §1951 between April 2021 and January 2025. Count IX charges Brent Zywiec and Shane Zywiec of Aiding and Abetting Hobbs Act Extortion Under Color of Official Right in violation of 18 U.S.C. § 1951 and § 2 on April 5, 2021 and January 31, 2025. This count alleges Brent Zyweic and Shane Zyweic obtained money not otherwise due to them from Business Owner 1 for the purpose of helping Business Owner 1 retain his liquor license for which he would not have otherwise qualified. This count corresponds with the charge against Rupe for Hobbs Act Extortion found at Count VIII. There is no indication in the Superseding Indictment that Business Owner 1 is Dan Thomas's or Brent Zyweic's

2

business. Shane Zyweic is not mentioned in the Superseding Indictment until Count IX.

Shane Zyweic now seeks severance from all other named defendants. He contends he is improperly joined to the three co-defendants under Federal Rule of Criminal Procedure 8(b) because the superseding indictment "fails to show an allegation of joint activity." Filing No. 101 at 2. Similarly, Rupe contends the superseding indictment fails to show "any allegations in which defendants acted in common activity" requiring severance. Filing No. 107 at 2. Neither defendant argues there is severe or compelling prejudice to overcome a presumption of a joint trial, *see* Fed. R. Crim. P. 14, but rather both contend the joinder itself was improper. The government disagrees and requests the Court deny the motions without a hearing.

ANALYSIS

Federal Rule of Criminal Procedure 8 governs the initial joinder of counts in a criminal trial. This case involves multiple defendants and multiple counts. Accordingly, we look to Rule 8(b) for the relevant standards. *United States v. Wadena,* 152 F.3d 831, 848 (8th Cir. 1998). Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. *See United States v. Bledsoe,* 674 F.2d 647, 655 (8th Cir. 1982); *Wadena,* 152 F.3d at 848. Misjoinder of defendants under Rule 8(b) is inherently prejudicial. *United States v. Sanders*, 563 F.2d 379, 382 (8th Cir. 1977).

Mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder of defendants. *Beldsoe*, 674 F.2d at 656. Under Rule 8(a), involving joinder of offenses, the government is allowed to join two or more

3

offenses if they are "of the same or similar character." *Id.* (quoting Fed.R.Crim.P. 8(a)). However, under Rule 8(b), involving joinder of defendants, the phrase "same or similar character" is specifically omitted. *Id.* (citing Rule 8(b)).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *Bledsoe*, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." *Id.* (citing *United States v. McKuin*, 434 F.2d 391, 395–396 (8th Cir.1970)).

Generally, "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir.1988). Trying codefendants together "give[s] the jury the best perspective on all the evidence and therefore increases the likelihood of the correct outcome." *U.S. v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995). Thus, there is a preference in the federal system for joint trials of defendants who are indicted together and the rule should be liberally construed in favor of joinder. *U.S. v. Jones*, 880 F.2d 55, 62, (8th Cir. 1989); *United States v. Dat*, No. 25-1131, 2026 WL 1982563, at *3 (8th Cir. July 9, 2026) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

### 1. Counts I-VII

The superseding indictment reveals on its face a proper basis for joinder of Defendants Rupe, Thomas and Brent Zywiec as it relates to Counts I-VII. Specifically, Count I-VII allege that that Rupe, Brent Zywiec, and Thomas were involved in a conspiracy in which Rupe used his position as Executive Director of the Nebraska Liquor Control Commission to benefit the businesses owned by the other co-conspirators and, further, that Rupe failed to disclose the benefits he received from Brent Zyweic and Thomas on his financial interest statements. Filing

No. 49. As alleged, Brent Zywiec and Thomas would provide Rupe with cash, sexual acts performed by dancers, free drinks and other accommodations at the businesses they owned in exchange for official actions or inactions taken by Rupe as Nebraska Liquor Control Commissioner. This same scheme is alleged in Counts II-V. While only Rupe is charged in Counts VI and VII, the underlying scheme to defraud the public, and the material omissions, are based on the same allegations that are set forth in Counts I-V. Thus, the undersigned finds that Counts I through VII are part of the same series of acts or transactions and are properly joined under Rule 8(b).

2. Counts VIII and IX

Counts VIII and IX allege Hobbs Act Extortion under color of Official Right and Aiding and Abetting that extortion. These allegations relate to Defendants Rupe, Shane Zywiec and Brent Zyweic's receipt of payments from Business Owner 1 for purposes of helping Business Owner 1 retain his liquor license. As the government points out, these two counts necessarily relate to each other and are properly joined in that sense. However, the Court does not reach the same conclusion when considering Counts VIII and IX in combination with the rest of the indictment.

While the superseding indictment realleges the allegations in Count I and II for Counts VIII and IX, there is no obvious connection between the Hobbs Act violations and the rest of the scheme. Rather, the Hobbs Act violations relate to transactions with a single business owner, Business Owner 1, who is not alleged to be involved in the remaining counts. While the entire indictment relates to Defendants' obtaining some personal gain, monetary or otherwise, through use of Rupe's position as Nebraska Liquor Control Commissioner, this is not enough. *See Chubet v. United States*, 414 F.2d 1018, 1018-19 (8th Cir. 1969) (noting that one Defendant who is a common thread in all charges is insufficient to justify jointly trying defendants together where indictment contained no allegation linking

5

second defendant to remaining counts). It cannot be said that Shane Zywiec's alleged extortion of a single unconnected business owner is part of the "same acts or transactions" or the same "scheme" as the remaining defendants ongoing use of cash, alcohol, and adult performers to bribe Rupe. *See United States v. LaBrunerie*, 900 F. Supp. 1174, 1181 (W.D. Mo. 1995) (joinder of two conspiracies in single indictment was improper despite overlap of parties and shared modus operandi of bribery); *U.S. v. Sazenski*, 833 F.2d 741 (8th Cir. 1987) (misjoinder where there was no connection between offenses despite one "provid[ing] the genesis" for the other); *United States v. Nicely*, 922 F.2d 850, 854 (D.C. Cir. 1991) ("Beyond the similarity in membership, the government points to nothing in common between the two conspiracies more specific than the common use of falsehoods to make money.").

Moreover, there is no information to indicate Shane Zyweic "knew of" or "participated in" the other scheme. *See Bledsoe*, 674 F.2d at 656. Shane Zyweic is notably absent from any communications or allegations relating to any counts outside of the aiding and abetting count (Count IX). It is clear the question of whether joinder is proper is to be determined from the face of the indictment. Upon review of the superseding indictment, the undersigned finds joinder of Counts I through VII with Counts VIII through IX of the indictment is improper. Accordingly,

Defendant Hobert Rupe's and Defendant Shane Zyweic's motions to sever, Filing Nos. 100 and 106, are granted in part as set forth herein.

Dated this 27th day of July, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

6