IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBERT RUPE and SHANE ZYWIEC,<br><br>Defendants. | **4:25CR3083**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Government's Objection to the Magistrate Judge's Memorandum and Order dated July 27, 2026. (Filing No. 118; Filing No. 131). For the reasons explained below, the Objection will be overruled.

## BACKGROUND

On September 16, 2025, Defendant Hobert Rupe ("Rupe") was charged in a seven-count indictment, along with Brent Zywiec ("B. Zywiec"). (Filing No. 1.) On November 18, 2025, Rupe, along with Dan Thomas ("Thomas"), B Zywiec, and Shane Zywiec ("S. Zywiec"), were charged in a nine-count Superseding Indictment. (Filing No. 49.) Count I charges Rupe, B. Zywiec and Thomas with Honest Services Fraud Conspiracy. Counts II through V charge Rupe, B. Zywiec and Thomas with Honest Services Fraud. Counts VI and VII charge Rupe with Wire Fraud. Count VIII charges Rupe with Hobbs Act Extortion Under Color of Official Right. Count IX charges B. Zywiec and S. Zywiec with Aiding and Abetting Hobbs Act Extortion Under Color of Official Right.

On June 9, 2026, S. Zywiec—who is only charged in Count IX—filed a motion to sever alleging misjoinder of defendants under Federal Rule of Criminal Procedure 8(b). (Filing No. 101.) S. Zywiec requested that his trial be severed from those of the other defendants. On June 17, 2026, Rupe—who is charged in Counts I through VIII—also filed a motion to sever, requesting that his trial be severed from any other co-defendant pursuant to Rule 8(b).[1] (Filing No. 106.) The Government opposed the motions. (Filing No. 110; Filing No. 112.)

As to S. Zywiec's motion, the Government argued that joinder was proper because Count VIII charges Rupe with Hobbs Act Extortion Under Color of Official Right and that Aiding and Abetting a Hobbs Act Extortion (Count IX) is, on its face, connected to Hobbs Act Extortion charged in Count VIII. The Government also asserted that Counts VIII and IX occurred during the same period and involve the same victim, Business Owner 1. Further, the Government argued S. Zywiec would not be prejudiced by a joint trial because there was little risk that the jury would confuse S. Zywiec's actions for Rupe's. According to the Government, the evidence on Counts VIII and IX would show that S. Zywiec's actions assisted Rupe in obtaining payment in exchange for Business Owner 1 to retain his liquor license.

In response to Rupe's motion, the Government argued that the face of the Superseding Indictment shows that Rupe was joined with his co-defendants in a single conspiracy. The Government asserted that the Superseding Indictment alleges Rupe, B. Zywiec, Thomas and S. Zywiec were involved and participated in an overall scheme whereby Rupe exploited his official capacity as Executive Director of the Nebraska Liquor Control Commission for the business gain of the other co-defendants in exchange for his own personal gain. The Government also argued Rupe would not be prejudiced by a joint trial because the jury would be able to compartmentalize evidence about the separate defendants.

On July 27, 2026, the Magistrate Judge issued a Memorandum and Order (Filing No. 118), granting Rupe and S. Zywiec's (collectively, "Defendants") motions, in part. The Magistrate Judge determined that Counts I through VII were part of the same series of acts or transactions and properly joined under Rule 8(b). However, the Magistrate Judge determined that Counts I through

[1] Neither Rupe nor S. Zywiec argued that prejudice warranted severance, but rather that joinder itself was improper.

VII were improperly joined with Counts VIII through IX and should be severed. The Government has objected to the Magistrate Judge's ruling.[2]

**DISCUSSION**

Federal Rule of Criminal Procedure 8 governs joinder of both offenses and defendants. Under Federal Rule of Criminal Procedure 8(a), the government may charge multiple offenses in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Under Rule 8(b), the government may charge two or more defendants in an indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "An indictment must reveal on its face a proper basis for joinder." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998).

"Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a)." *United States v. Mann,* 701 F.3d 274, 289 (8th Cir. 2012). "This is significant because the language of 8(a) does not allow joinder on the same basis as 8(b); the words 'same or similar character' are omitted from 8(b)." *United States v. Jones,* 880 F.2d 55, 61 (8th Cir. 1989). "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *United States v. Bledsoe,* 674 F.2d 647, 656 (8th Cir. 1982). "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." *Id*.

The Government objects to the Magistrate Judge's conclusion that Counts VIII and IX are improperly joined with Counts I through VII. The Government argues joinder is proper because

[2] The Government's Objection indicates it is objecting to the Magistrate Judge's Findings and Recommendation. However, the Magistrate Judge issued a Memorandum and Order relating to this matter. (Filing No. 118; Filing No. 131.) In any event, in this case, the Court will review this matter de novo. *See United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994) ("Misjoinder is a question of law we review de novo"); *United States v. Pierce*, No. 8:13CR106, 2013 WL 6567357, at *2 (D. Neb. Dec. 12, 2013) ("Review of a magistrate judge's order on an issue of law is de novo . . . Whether joinder of defendants is proper is a question of law.").

all defendants were involved in exploiting Rupe in his official capacity as the Liquor Control Commissioner for personal benefit. The Government contends that Counts I through VII set out the general scheme and plan as to how each defendant went about seeking personal gain by defrauding the citizens of Nebraska of the honest services of the Liquor Control Commissioner.

The Government further argues joinder is proper because evidence of Counts I through VII would be presented in a trial on Counts VIII and IX and vice versa, as intrinsic evidence. The Government maintains that evidence of the conspiracy is inextricably intertwined when presenting evidence on the alleged Hobbs Act Extortion (Counts VIII-IX) for the jury to fully understand the issues and timeline of events. The Government contends that even if the evidence surrounding the conspiracy is not intrinsic evidence of the Hobbs Act Extortion, it will be introduced pursuant to Federal Rule of Evidence 404(b) to show motive, intent, identity, lack of mistake and common/plan preparation.

The Court agrees with the Magistrate Judge that there is a proper basis for joinder of Rupe, Thomas and B. Zywiec in connection with Counts I through VII. These counts allege that Rupe, B. Zywiec and Thomas conspired for Rupe to use his position as Executive Director of the Nebraska Liquor Control Commission to benefit businesses owned by Thomas and B. Zywiec; then, Rupe did not disclose the benefits he received from B. Zyweic and Thomas on his financial interest statements. *See* *United States. v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) ("Generally, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together".) In particular, the Superseding Indictment alleges that B. Zywiec and Thomas provided Rupe personal and financial benefits, including things such as sexual acts performed by employees at their businesses, cash, and other accommodations in exchange for Rupe using his position to benefit them and their businesses. As to these counts, the Superseding Indictment sufficiently alleges a scheme that is part of the same series of acts or transactions.

The Court likewise agrees with the Magistrate Judge that Counts I through VII are improperly joined with Counts VIII and IX. Count VIII charges Rupe with Hobbs Act Extortion Under Color of Official Right. Count VIII alleges that Rupe obtained money not due to him or his office from "Business Owner 1," for the purpose of "helping Business Owner 1 retain his liquor license for which Business Owner 1 would not otherwise qualify." (Filing No. 49.) Count IX charges B. Zywiec and S. Zywiec with Aiding and Abetting Hobbs Act Extortion. Count IX

similarly alleges that B. Zywiec and S. Zywiec "obtained money not due to them from Business Owner 1 for the purported purpose of helping Business Owner 1 retain his liquor license for which Business Owner 1 would not otherwise qualify." (Filing No. 49.) While these counts are related and properly joined, there is no common scheme alleged in the Superseding Indictment which connects Counts VIII and IX alleging extortion of a business owner to the other counts which involve allegations of bribing Rupe with things such as sexual acts, cash and other accommodations.

The face of the Superseding Indictment does not show that Counts VIII and IX are part of the same series of acts or transactions as those alleged in the other counts. There is not an overall scheme alleged which the joined defendants all knew about and in which they all participated. Of particular note is that there is no allegation linking S. Zywiec to the remaining counts. He is not even mentioned in the Superseding Indictment until Count IX. Moreover, the first time Business Owner 1 is mentioned comes at Count VIII. The Superseding Indictment falls short of alleging joint or common activity between the charges in Counts I through VII and Counts VIII and IX. Therefore, as found by the Magistrate Judge, joinder of Counts I through VII with Counts VIII and IX is improper.[3]

Accordingly,

**IT IS ORDERED:**

1. The Government's Objection to the Magistrate Judge's Memorandum and Order (Filing No. 131) is overruled.
2. This matter is referred to the Magistrate Judge for further case progression.

Dated this 1st day of October, 2026.

BY THE COURT:

Susan M. Bazis
Susan M. Bazis
United States District Judge

[3] Rupe and S. Zywiec argue that each of their trials should be separate from every other defendant. The Court has considered this, and finds that while certain counts are misjoined, there is no reason why Rupe and S. Zywiec cannot be tried with co-defendants named in the properly joined counts.